**UNITED STATES of America,**
Appellant,

v.

**SPOKANE RODEO, Inc., a corporation,**
Appellee.

No. 15661.

United States Court of Appeals
Ninth Circuit.

March 28, 1958.

Charles K. Rice, Asst. Atty. Gen., Elmer J. Kelsey, Lee A. Jackson, Robert N. Anderson, Karl Schmeidler, Attys., Dept. of Justice, Washington, D. C., William B. Bantz, U. S. Atty., Riner E. Deglow, Asst. U. S. Atty., Spokane, Wash., for appellant.

Harvey Erickson, Frank R. Freeman, Spokane, Wash., for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

This case deals with a situation in which the government collected and now has in its possession the sum of $2,291.88, to which it is not legally entitled, but unfortunately, owing to the circumstances of the case, a legal recovery by the rightful owners is almost impossible. The trial court made a praiseworthy effort to effect a distribution but we do not think its judgment can be sustained as a matter of law.

The facts are not in dispute. It is established that the Spokane Rodeo is a non-profit organization. It uses the funds received from its activities to pay expenses of the rodeo for a given year and to promote future rodeos, and donates funds realized over and above the said expenses to the Grotto Foundation for Spastic and Handicapped Children.

It is asserted by appellee that prior to the sale of the tickets for its 1955 rodeo, representatives of the Internal Revenue Service demanded that it collect a tax on each ticket sold. As a consequence, each ticket showed separately a federal tax of 13 cents for adults and 6 cents for children. The listed tax was collected along with the purchase price of the ticket. It is these tax collections which make up the said sum of $2,291.88 paid to the government. Later a dispute arose as to the legality of the tax collection, it being the contention of appellee that the sale of the tickets was exempt under Internal Revenue Code § 4233(a) (9), 26 U.S.C.A. § 4233(a)(9). A demand for refund was made by appellee, which was refused. Appellee brought suit for its return. The trial court rendered judgment in favor of appellee wherein it was ordered that the money received by the government from the said tax collection together with interest be returned to appellee and that appellee "act as trustee for a period of sixty days after the receipt of the money for the individual taxpayers and give such notice as the Board of Directors deems proper to the individual taxpayers relative to obtaining refunds on admission taxes paid by the purchasers of said tickets; and after the expiration of such period the plaintiff [appellee] may make disposition of the funds in accordance with the provisions of its Articles of Incorporation and By-Laws."

While other questions were considered in the trial court, the posture of the case as it reaches us is compressed into the single question of whether "appellee has shown that it bore the burden of the federal admissions tax so as to entitle it to a refund of such taxes under section 6415(a) of the Internal Revenue Code of 1954. Under said section of the Code, in order to obtain a refund of admission taxes the claimant must establish that the tax was erroneously collected. This appellee has done, but has failed to meet other requirements. Appellee has not shown that it has repaid the amount of such tax to the person or persons from whom it collected it, nor has it shown the consent of such person [from whom the tax was collected] to the allowance of such credit or refund."[1] Having failed

<hr />

1. 26 U.S.C.A. § 6415(a): "Credit or refund of any overpayment of tax imposed by section 4231(1), 4231(2), 4231(3), 4241, 4251, 4261, 4271, or 4286 may be

in each of these requirements, appellee cannot sue for the refund in question. In the case of Royce v. Squire, 9 Cir., 1948, 168 F.2d 250, a case wherein a refund of transportation taxes illegally collected was sought, Judge Healy writing for this Court said:

"The taxpayers have no financial interest in the monies said to have been erroneously collected. They neither bore the burden of the tax, refunded the amounts collected, nor obtained authority to sue from those who did bear the burden. They are in any event without standing to sue." 168 F.2d at page 251. Such is the situation in the instant case. See also Gray Line Co. v. Granquist, 9 Cir., 1956, 237 F.2d 390.

Judgment reversed.

allowed to the person who collected the tax and paid it to the Secretary or his delegate if such person establishes, under such regulations as the Secretary or his delegate may prescribe, that he has repaid the amount of such tax to the person from whom he collected it, or obtains the consent of such person to the allowance of such credit or refund."